UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DEMETRIUS D. TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00053-WTL-DLP |
| | ) | |
| RICHARD BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Correctional Industrial Facility inmate Demetrius Taylor for a writ of habeas corpus challenges Indiana prison disciplinary proceeding number WVD 17-10-0180. For the reasons explained in this Order, Mr. Taylor's habeas petition is **granted**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 Fed. Appx. 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *see also Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011) (same for federal inmates).

### B. The Disciplinary Proceeding

On October 26, 2017, Indiana Department of Correction (IDOC) Investigator J. Raney wrote a conduct report charging Mr. Taylor with a violation of codes A 111/113 (conspiracy, attempting, aiding or abetting/trafficking.) The conduct report provides:

> On 10/11/2017, during an interview in the Office of Investigations, Aramark worker, M. Willard did admit that he had brought contraband into the facility (ie., cell phones, K-2, K-2 spray and tobacco). Mr. Willard did admit that Offender Taylor received some of the contraband, specifically cell phones and K-2 (green leafy substance).
>
> Due to Mr. Willard admitting to a felony charge of trafficking, I find him (Willard) to be creditable.[1]

Dkt. 16-1.

A report of investigation of incident was prepared on October 26, 2017. The report provides:

> On 10/11/2017, Aramark worker, M. Willard was brought to OII for questioning. Mr. Willard did admit that he had trafficked contraband into the facility on several occasions. Mr. Willard did admit that he had brought cell phones, K-2, K-2 spray and tobacco and that Offender Taylor had received some of these items, specifically cell phones and K-2 (green leafy substance).
>
> I do find Mr. Willard to be creditable as he implicated and admitted to a felony charge of trafficking.

Dkt. 16-1, at 2.

Mr. Taylor was notified of the charge on October 27, 2017, when he received the Screening Report. He pleaded not guilty to the charge. He did not request a lay advocate. Mr. Taylor indicated that he wanted to call witnesses and requested physical evidence. In support of these requests, he

---

[1] In his reply, Mr. Taylor objects to the respondent using the word "cred[ible]" in their return when they cite the language in the conduct report and report of investigation of incident. Dkt. 20, at 2l; dkt. 16, at 2. He is correct that the word used in both reports is "creditable." However, the respondent's use of brackets reflect that they understood the use of the word to be creditable to be a scrivener's error. The Court does not find that this was an error on the respondent's part or an attempt to change the meaning of the reports.

attached a list of questions, dkt. 16-3, and submitted a request for interview, dkt. 16-5. His questions included the following:

> 1. Based upon what evidence are you alleging that I did anything?
> 2. Per policy/procedure, how long do you have to investigate and bring charges without the approval for an extension of time?
> 3. Documentation of any approved extension of time

Dkt. 16-4. The following answers were provided.

> 1. The person was Mirandized and admitted that he gave contraband to Offender Taylor.
> 2. There is no set time for Internal Affairs to complete an investigation.

*Id.*

The request for interview requested the following information:

> PLEASE PROVIDE ME WITH A COPY OF THIS REQUEST
>
> **INDIANA DEPARTMENT OF CORRECTION**
> **REQUEST FOR INTERVIEW**
>
> TO: Benefiel    OFFICE: Screening Officer    DATE: 10-27-17 / 12:05 p.m
> NAME: Demetrius Taylor    DOC# 902925    DORM: Q-411    ASSIGNMENT: IND
>
> Reason for request (be as definite as possible): In compliance with 02-04-101, IX D.2.e, I would like to ask the following questions to:
>
> J. Raney, OII: On what date(s), time(s), or location(s) am I alledged to have RECEIVED anything from Mr. Williams? Out of all the offenders at WVCF named "TAYLOR" how was I determined to be the one involved?
>
> WVD 17-10-0180
>
> ***DO NOT WRITE BELOW THIS LINE***
>
> Action: Copy & response mailed to offender 10/30/17 SZ
>
> By: _____

Dkt. 16-5.

The OII investigator provided the following response:



> **From:** Raney,
> **Sent:** Monday, October 30, 2017 12:58 PM
> **To:** Zimmerman, Benefiel,
> **Subject:** Offender D. Taylor #902925
>
> Offender Taylor requested that I submit dates, time and locations regarding his recent conduct report for conspiring to traffic. As this is an on-going case I cannot give him date, times and locations. Mr. Willard did state that Offender Taylor was given cell phones and K-2 from the items that he (Willard) trafficked into the facility.
>
> Raney
> OII Investigator / PREA Compliance Manager
> Wabash Valley Correctional Facility
> PO Box 500
> Carlisle, IN 47838
> (812) 398-5050/#4268

Dkt. 16-6.

After a postponement, a hearing was held on November 3, 2017. Mr. Taylor provided this statement: "I was denied several pieces of evidence attempting to show that I am not the only Taylor in this Facility. When asked for specific evidence from OII, I was denied. Mr. William [sic] never gave me anything directly or indirectly." Dkt. 16-8. Based on the staff reports and evidence from witnesses, the hearing officer found Mr. Taylor guilty of conspiracy/attempt/aiding in trafficking. The sanctions imposed included 180 days' earned-credit-time deprivation, a demotion in credit class, and the imposition of a suspended sanction in WVD 17-06-0001 of 180 days of earned-credit-time deprivation. *Id.*

Mr. Taylor appealed to the Facility Head and the IDOC Final Reviewing Authority; both appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C. Analysis**

In his petition, Mr. Taylor sets forth four grounds for relief: 1) he was denied evidence; 2) the hearing officer was not impartial; 3) the written findings were insufficient; and 4) the evidence was insufficient to support a guilty finding. Because the Court finds that Mr. Taylor was denied potentially exculpatory evidence and is entitled to relief, it will not reach the other grounds for relief raised in the petition.

Denial of Exculpatory Evidence

Mr. Taylor argues that he was denied exculpatory evidence. Specifically, he says that he requested an exculpatory witness statement from J. Raney, the author of the conduct report. Though not entitled to the "full panoply of rights" provided in criminal proceedings, *Wolff*, 418 U.S. at 56, prisoners subject to disciplinary proceedings in which a liberty interest is at stake "must be allowed to present relevant evidence, including witness testimony, unless it is cumulative or unduly threatens the security of the facility." *Ellison*, 820 F.3d at 274.

In a request for interview form submitted after he received notice of the charges, Mr. Taylor submitted the following questions to Raney: 1) "on what date(s), time(s), or locations am I alleged to have received anything from Mr. Willard;" and 2) "out of all the offenders at WCVF [Wabash Valley Correctional Facility] named 'Taylor,' how was I determined to be the one involved?" Dkt. 16-5. Raney responded by saying that the investigation was ongoing so he could not provide specific information, except that Willard stated he gave a cell phone and K-2 to "Offender Taylor." Dkt. 16-6. He did not specifically respond to Mr. Taylor's question how he was identified from other inmates with the last name Taylor. Mr. Taylor argues that this evidence was potentially exculpatory because it would have challenged Willard's credibility. Dkt. 1, at 3.

Due process requires access to witnesses and evidence that are exculpatory. *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996). The denial of the right to present evidence will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011).

The Court agrees that information as to how Mr. Taylor was identified from other inmates with the last name Taylor was potentially exculpatory because it could have aided his defense in showing that another inmate named Taylor was involved in receiving contraband from Willard, or at least cast serious doubt as to whether Demetrius Taylor was the same Taylor to whom Willard gave contraband.[2] The Court takes judicial notice that there at least 1068 inmates with the last name Taylor registered within the IDOC. www.in.gov/apps/indcorrection/ofs. (last visited January 29, 2019). Further, despite the respondent's argument that it was clear that Willard identified Demetrius Taylor as the Taylor he gave contraband to, none of the evidence presented refers to Mr. Taylor as "Demetrius Taylor." Rather, the evidence identifies him as "Taylor" or "Offender Taylor" and there is no evidence as to how Willard identified Mr. Taylor as the individual that received the contraband. He was never identified as "Demetrius Taylor," by his IDOC number, or

---

[2] Raney's response to Mr. Taylor's question, "out of all the offenders at WVCF named 'Taylor' how was I determined to be the one involved" was "Mr. Willard did state that Offender Taylor was given cell phone and K-2 from the items that he (Willard) trafficked into the facility." Dkt. 16-6. The respondent argues that it is "*clear* from this statement that Willard specifically identified Demetrius Taylor as the offender who received the contraband and that he did not just make the general allegation that someone named 'Taylor' received it." Dkt. 16, at 5-6 (emphasis added). The Court does not agree that it is clear from this statement that Willard identified Demetrius Taylor. In fact, Raney's response included no more information than the conduct report which was so unclear on this issue that it prompted Mr. Taylor to ask the question.

by his bunk or cell location. Dkt. Nos. 16-1, 16-3, 16-4, 16-5. 16-6. The failure to provide this information to Mr. Taylor was a violation of his due process rights because how he was identified by Willard among other inmates with the same last name is potentially exculpatory.[3]

Accordingly, the Court finds that the denial of evidence here was therefore a violation of Mr. Taylor's due process rights.

**D.  Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Because the denial of potentially exculpatory evidence violated the due process requirement of *Wolff*, the disciplinary finding of guilt was arbitrary and that finding and the sanctions imposed must be **VACATED AND RESCINDED.** Mr. Taylor's loss of credit time shall be restored as promptly as possible. Accordingly, Mr. Taylor's petition for a writ of habeas corpus is **GRANTED**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/1/2019

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

---

[3] The respondent submitted a declaration signed under penalty of perjury by Investigator Raney, signed on June 19, 2018, which is approximately eight months after Mr. Taylor requested this information and was found guilty and four months after he filed this petition. In the declaration, Raney stated that Willard unequivocally identified Demetrius Taylor from a photograph as the individual that received contraband from him. This information was directly relevant to the disciplinary proceedings and directly addresses the questions Mr. Taylor presented to Raney immediately prior to the disciplinary hearing. In his reply, Mr. Taylor objects to the inclusion of this declaration. The Court sustains his objection and it will not be considered by the Court because it did not exist as part of the disciplinary record. 28 U.S.C. § 2254(c).

Distribution:

DEMETRIUS D. TAYLOR
902925
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only


Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov